DAVID JACKSON STEWART, JR., EXECUTOR OF THE ESTATE OF DAVID JACK-
SON STEWART, SR.; DAVID JACKSON STEWART, JR., INDIVIDUALLY;
DAVID JACKSON STEWART, JR., TRUSTEE v. SUE VINSON STEWART
JOHNSON; CHARLES TURNER STEWART; CAROLINE ELIZABETH
STEWART COX; ALLEN WELLONS, GUARDIAN AD LITEM FOR UNBORN
CHILDREN OF CHARLES TURNER STEWART

No. 8711SC411

(Filed 22 December 1987)

**Wills § 60.1— spendthrift trust—remainder to grandchildren—renunciation by
child—no acceleration**

   Where testator created a spendthrift trust for one of his sons with the re-
mainder to go to the children of that son, or to his other children if there were
no grandchildren by that son, the beneficiary could not renounce for his un-
born children and grant to his brothers and sisters his interest in the trust
free from the spendthrift provisions, since the remaindermen could not be
determined until the death of the beneficiary, and the testator clearly intended
to postpone the point at which the remainder would take effect in order to
protect the assets of the trust for his grandchildren, if any, by the spendthrift
son.

APPEAL by plaintiffs from *Barnette, Judge.* Judgment en-
tered 5 February 1987 in Superior Court, JOHNSTON County.
Heard in the Court of Appeals 28 October 1987.

*Albert A. Corbett, Jr., for plaintiff appellants.*

*Allen H. Wellons for defendant appellees.*

COZORT, Judge.

Plaintiff filed this declaratory judgment action for a deter-
mination of who is entitled to the renounced portion of a will. We
affirm the judgment entered by the trial court.

David Jackson Stewart, Sr., died on 8 July 1986 and left a
will naming plaintiff David Jackson Stewart, Jr., as his executor
and trustee. In the will he provided that his four children should
receive equal shares of his estate. However, David Jackson Stew-
art, Jr., Caroline E. Stewart and Sue Vinson Stewart Johnson
were to receive their shares free and clear of any trust, while the
share of Charles Turner Stewart was to be held in trust for him
for his natural life.

The trust provisions of the will stated:

The funds in said trust shall be paid to or applied for the benefit of Charles Turner Stewart in such manner and at such intervals and in such amounts as the trustee, in his uncontrolled discretion, shall deem needful or desirable for his comfortable support, maintenance, education and for medical, surgical, hospital or other institutional care of Charles Turner Stewart.

Upon the death of Charles Turner Stewart, what was left in his trust fund was to go to his children. If, however, he died without children, then the remainder of the trust would go to his brothers and sisters.

Charles Turner Stewart, pursuant to N.C. Gen. Stat. § 31B, renounced his share of his father's estate. A copy of his renunciation was recorded in the Johnston County Registry and a copy was delivered to the executor. At the time of his renunciation, Charles Turner Stewart had no children and indicated that he never plans to have children.

Plaintiff, the executor and trustee under the will, then filed this declaratory judgment action to determine who is entitled to receive the renounced share. A guardian ad litem was appointed to represent the unborn children of Charles Turner Stewart.

The trial court concluded that David Jackson Stewart, Sr., intended to create a spendthrift trust in order to protect his assets for his grandchildren, if any, by Charles Turner Stewart. The trial court further concluded that N.C. Gen. Stat. § 31B-1(b) "prohibits Charles Turner Stewart [sic] renunciation from granting the other beneficiaries a greater interest than he would have had which said interest at the most was a life estate." The trial court then ordered that by his renunciation, Charles Turner Stewart had forfeited his interest in the trust created by his father's will. It further ordered that David Jackson Stewart, Jr., as trustee, continue to administer the trust assets and at Charles Turner Stewart's death, to distribute the principal and accumulated income according to the terms of the trust. From this order, plaintiff appeals.

Plaintiff argues that the trial court erred in concluding that Charles Turner Stewart could not renounce for his unborn children and grant to his brothers and sisters his interest in the trust free from the spendthrift provisions. We disagree.

N.C. Gen. Stat. § 31B-1(b) provides that:

> In no event shall the persons who succeed to the renounced interest receive from the renouncement a greater share than the renouncer would have received.

In the case *sub judice,* Charles Turner Stewart had only a life estate in the trust fund established by his father's will, while his unborn children and brothers and sisters have a contingent interest in the remainder. Although he may renounce his life estate, he may not renounce the interest of his unborn children or accelerate the remainder for the benefit of his brothers and sisters. "A remainder will not be accelerated if it is impossible to identify the remaindermen or if there is an intention on the part of the testator to postpone the taking effect of the remainder." *Keesler v. Bank*, 256 N.C. 12, 18, 122 S.E. 2d 807, 812 (1961). It is presently impossible to identify the remaindermen, as they may only be determined at the death of Charles Turner Stewart. In addition, the testator clearly intended to postpone the point at which the remainder would take effect in order to protect the assets of the trust for his grandchildren, if any, by Charles Turner Stewart.

Therefore, we affirm the decision of the trial court ordering David Jackson Stewart, Jr., as trustee, to continue administering the trust assets for the life of Charles Turner Stewart and at his death to distribute them according to the terms of the trust.

Affirmed.

Judges WELLS and JOHNSON concur.